UNITED STATES DISTRICT COURT FOR THE
WESTER DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | |
|---|---|
| KANSAS CITY FASHION WEEK, LLC, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No.: 4:23-cv-550<br>)<br>) JURY TRIAL DEMANDED |
| KANSAS CITY FASHION, LLC, | )<br>) |
| and | )<br>) |
| JORDAN GALLANT, | )<br>) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** Plaintiff, KANSAS CITY FASHION WEEK, LLC, ("KCFW"), by and through its undersigned Counsel, and for its Complaint against KANSAS CITY FASHION, LLC ("KCF") and JORDAN GALLANT, ("GALLANT") alleges as follows, to wit:

## NATURE OF THE ACTION

### Introduction

1. "**Knockoffs**" are nothing new in the United States fashion industry. Knockoffs are a perpetual, common problem whereby unscrupulous fashion manufacturing companies wait for a successful fashion designer to produce a unique line of apparel and then produce cheap, inferior replicas of that fashion line and pass it off to consumers at drastically lower prices. Such practice takes advantage of the investment and work of the successful fashion designer, dilutes the designer's signature brand, and misleads the consuming public.

1

(*Counterfeits, Knockoffs, Replicas: Parsing the Legal Implications*, Arthur Zaczkiewicz. Published in Women's Wear Daily, June 2, 2016 ".)

2. KANSAS CITY FASHION WEEK, LLC is a nationally recognized, Kansas City based fashion event company which conducts fashion shows and fashion-related events. It features, among its offerings to the community, "KC Fashion Week," which is a twice-yearly, week-long event highlighted by at least four fashion shows featuring apparel and jewelry lines of local and national fashion designers. It is conducted in Union Station of Kansas City and attended by thousands of patrons.

3. KANSAS CITY FASHION, LLC is a recently established knockoff brand of KANSAS CITY FASHION WEEK, LLC, using a confusingly similar name, confusingly similar marketing images, in the same geographic market, soliciting the same consumers, and causing actual consumer confusion of the two brands.

4. "KANSAS CITY FASHION" is not a *typ*e of fashion apparel (Kansas City-style fashion), nor does "KANSAS CITY FASHION" refer to a *geographical* region (Kansas City-based fashion); rather, "KANSAS CITY FASHION" presents itself confusingly similarly to KANSAS CITY FASHION WEEK, LLC, as a fashion event planning company, fashion show producer, and falsely presents itself as the "*largest and most popular fashion community in the Midwest*."

5. KANSAS CITY FASHION, LLC and JORDAN GALLANT have attempted to create a mirror reflection of all facets of KANSAS CITY FASHION WEEK, LLC, using a deceptively similar name, in a deliberate attempt to confuse consumers and exploit the assets and goodwill of KANSAS CITY FASHION WEEK, LLC's thirteen-year investment

in the Kanas City fashion industry, its national achievements and recognition, as well as its protected intellectual property.

## Cause of Action

6. This is an action for trademark infringement and related claims arising out of KCF's and Gallant's use of "KANSAS CITY FASHION" and "KC FASHION", in the planning, marketing and presentations of live fashion events in the Kansas City fashion events industry (collectively, "the KCF Marks")---all in violation of KCFW's statutory and common law rights in its valuable portfolio of well-known Kansas City Fashion Week trade names, trademarks, and service marks (collectively, the "KCFW Marks").

7. KCFW and KCF are both in the business of planning, promoting, developing, and marketing fashion shows in the Kansas City fashion industry market. As set forth below, KCF and Gallant violated KCFW's intellectual property rights by unlawfully adopting the KCFW Marks, which are confusingly similar to the KCF Marks as used in connection with identical goods and services in the Kansas City fashion industry.

8. KCF and Gallant knew about the KCFW Marks, which KCFW has used openly and notoriously and exclusively for over a decade. KCF and Gallant adopted the KCFW Marks egregiously, willfully, and intentionally to try to capitalize on KCFW's notoriety, goodwill, and reputation in the Kansas City fashion industry.

9. Consumers are already actually confused, and are likely to continue to be confused, between the KCFW Marks and the KCF Marks.

10. KCFW, therefore, seeks injunctive relief restraining Kansas City Fashion, LLC's and Jordan Gallant's unlawful conduct in infringing the KCFW Marks, KCF's profits flowing

from its infringing activities, Jordan Gallant's profits flowing from his infringing activities, treble damages, costs and attorney's fees.

## THE PARTIES

11. Kansas City Fashion Week, LLC is a Missouri corporation with its principal place of business at: 4326 Secretariat, Lee's Summit, Missouri 64086. Kansas City Fashion Week, LLC owns the KCFW Marks and attendant goodwill, and has marketed its goods and services under the KCFW Marks in the State of Missouri and Judicial District as well as nationwide.

12. On information and belief, Defendant Kansas City Fashion, LLC is a Missouri Limited Liability Company and can be served through its Registered Agent, John William Duncan, 2107 Grand Boulevard, Unit 407, Kansas City, Missouri 64108. ( **EXHIBIT "A"** is a true and accurate copy of the Articles of Organization of Kansas City Fashion, LLC filed with the Missouri Secretary of State on the 22nd day of June, 2021).

13. Jordan Gallant is an individual residing in the State of Missouri and can be served at: 2107 Grand Boulevard, Unit 407, Kansas City, Missouri 64108.

## JURISDICTION AND VENUE

14. This action arises under the Lanham Act 15 U.S.C. § 1951 *et seq*. and the statutory and common law of the State of Missouri. This Court has jurisdiction over all claims as they are federal questions.

15. This Court also has jurisdiction over the Lanham Act Claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338. This Court also has supplemental jurisdiction over the Missouri statutory and common law claims pursuant to 28 U.S.C. §1367 in that they are so

related to the federal claims that the state law and common law claims form part of the same case or controversy and derive from a common nucleus of operative facts.

16. This Court has personal jurisdiction over Kansas City Fashion, LLC and Jordan Gallant in that they are both residents of the State of Missouri. Kansas City Fashion, LLC has its headquarters in Kansas City, Jackson County, Missouri and Jordan Gallant is a resident of Jackson County, Missouri.

17. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants are subject to the Court's personal jurisdiction with respect to this action. In addition, all or a substantial part of the events or omissions giving rise to these claims occurred in this judicial district—namely, Kansas City Fashion, LLC's and Jordan Gallant's intentional and tortious actions directed at Kansas City Fashion Week, LLC, which is headquartered in Lee's Summit, Jackson County, Missouri, and previously headquartered in Kansas City, Platte County, Missouri.

**FACTS COMMON TO ALL COUNTS**
**Kansas City Fashion Week, LLC achieved success and**
**notoriety in the Kansas City fashion events industry**

18. KCFW was formed in 2010 to become a fashion event production and marketing company for the Kansas City fashion industry.

19. Over the course of its thirteen (13) years in operation, and after the production of twenty-five (25) weeklong fashion events in Kansas City, Kansas City Fashion Week, LLC has become nationally recognized as one of the leading fashion events in the nation.

20. In March, 2021, KCFW's notoriety became so prominent that it was selected as an inaugural regional fashion organization for the esteemed Council of Fashion Designers of America, Inc.'s, "CFDA Connects" program. The Council of Fashion Designers of

America, Inc. is one of the organizations which presents New York Fashion Week, the world-renowned fashion event. This Program selected ten (10) fashion organizations from across the nation to partner with CFDA, connecting local Kansas City Designers to a national network. (**EXHIBIT "B"** is a true and accurate copy of the *Women's Wear Daily* publication announcing the selection of KCFW as an inaugural member of CFDA Connects.)

21. With only a few exceptions, each year KCFW partners with Union Station of Kansas City as its venue for the production of at least four (4) professionally produced fashion shows, which enjoy hundreds of fashion industry participants (staff, designers, models, style teams, photographers and volunteers) for each show, and the shows are attended by thousands of patrons from the Midwest.

22. KCFW has become an important marketing tool for Kansas City fashion industry members, as well as assisting in the redevelopment of the Kansas City garment production industry.

23. KCFW has achieved national prominence and enjoys ongoing participation by nationally known fashion industry leaders from the CFDA and Project Runway and has been included in national fashion industry publications.

24. In the early days of KCFW, its stakeholders vested great time and resources in order to establish and build the audience of KCFW for the Kansas City local fashion industry. Fortunately, the high-quality production of the industry's fashion shows was well received by the leaders of the Kansas City fashion industry and has grown significantly, achieving national prominence.

25. KCFW enjoys substantial media presence in Kansas City, with its Logo and name prominently featured in countless local magazines, radio and television media outlets

6

throughout the Midwest, including *Kansas City Business Journal, In Kansas City, The Pitch, Kansas City Star*, among others.

## THE KCFW TRADEMARKS

26. As KCFW built its brand, it developed extensive and valuable goodwill in its trade name and a small portfolio of protected, valuable trademarks and service marks. This includes three (3) federally registered trademarks used in connection with its fashion show productions and services.

27. Since KCFW's founding in 2010, it has used "Kansas City Fashion Week" and "KC Fashion Week" and "KCFW" as a common law trademark, trade name, and service mark. It has widely used and highly promoted the KANSAS CITY FASHION WEEK and KC FASHION WEEK Marks in commerce throughout Kansas City and the Midwest in connection with the planning, promotion and marketing of "live runway fashion shows" and an Online presence in various social media platforms.

28. KCFW's trademarks are federally registered with the United States Patent and Trademark Office via U.S. Registration No.: 6721898; KC FASHION WEEK'S Registration No.: 5861570; and KCFW's U.S. Registered Trademark No.: 5850712. All trademarks are the Principal Register Class 35: *Fashion Shows Exhibitions for Commercial Purposes; Organizations of Fashion Shows for Commercial Purposes.*

29. Kansas City Fashion Week, LLC's federally registered Marks are valid, subsisting, and constitute prima facie evidence of the validity of the Marks, KCFW's ownership of the of the Marks, and KCFW's exclusive right to use the Marks in commerce on or in connection with the goods and services covered by those registrations.

30. KCFW has and continues to operate nationwide under the KCFW Marks to identify its services and events, designers, merchandise, and to promote its brand such as in magazines, online and in social media, and other outlets.

31. KCFW is the owner of broad common law and federal trademark rights in the KCFW Marks.

## VIOLATION OF THE KCFW TRADEMARKS

32. Kansas City Fashion, LLC's and Jordan Gallant's violation of the KCFW Marks is egregious, willful, and intentional.

33. During the KCFW week of April 7, 2021, it was announced at the taping of the KCFW Runway Shows, that KCFW had been named as an inaugural member of the prestigious Council of Fashion Designers of America, Inc.'s "CFDA CONNECTS" program. The audience was introduced to the CFDA National Director of the program, who came from New York to observe KCFW.

34. GALLANT, founder and co-owner of Kansas City Fashion, LLC, was at that event and became aware of KCFW's inclusion in that prominent nationally recognized organization.

35. On information and belief, in the Spring of 2021, Defendant Gallant registered the domain name, "kcfashion.com".

36. Upon investigation, two months following the announcement of KCFW's inclusion in the CFDA Connects program, on June 21, 2021, KANSAS CITY FASHION, LLC was registered with the State of Missouri.

37. Kansas City Fashion, LLC's website states that, *"We host, plan and manage events and fashion shows for the City of Kansas City"... Our event attendees enjoy a fashion show that enables talented local models, designers, and entertainers to showcase their skills for*

8

*a receptive audience".* (© *Kansas City Fashion, LLC, 2021*). Attached is **Exhibit "C"**, a true and accurate copy of the KCFashion.com web landing page.

38. In late 2021, Kansas City Fashion, LLC began posting confusingly similar images of its own fashion shows. By way of example, Kansas City Fashion Week, LLC posted on its Instagram feed the image on the left on November 6, 2021, and Kansas City Fashion, LLC posted on its Instagram feed the image on the right on December 3rd, 2021, which caused consumer confusion:



39. Further, on November 26, 2021, Kansas City Fashion Week, LLC posted the image on the left on its Instagram feed, and on December 11, 2021 Kansas City Fashion, LLC posted the image on the right on its Instagram feed, causing consumer confusion:

9



40. Defendant GALLANT continued to attend KCFW events and, in the Spring of 2022, began promoting events which parroted KCFW's events as much as possible.

41. KCF has attempted to mirror KCFW's Mark in ways that include, but are not limited to the following:

    a. KCFW has been headquartered at the historic Union Station in Kansas City. KCF's cover image on its KCFashion.com website is an image of Union Station.

    b. KCFW plans and promotes fashion events for the Kansas City market. KCF has stated that it promotes and plans fashion events for the Kansas City market.

    c. KCFW markets fashion shows and events under the brand name, "KANSAS CITY FASHION WEEK." KCF markets fashion shows and events under the name "KANSAS CITY FASHION."

d.  KCFW markets a week of fashion events and shows as "KC FASHION WEEK." or "KANSAS CITY FASHION WEEK." KCF sponsors in the name of - or licenses - KCFW Marks to competing fashion events and weeks in Kansas City and allows the competing fashion weeks to publicize that their fashion week is sponsored by "KANSAS CITY FASHION" or "KC FASHION," causing consumer confusion.

e.  KCFW uses social media extensively. KCF's use of its confusingly similar marks on social media is so confusing that attendees at their events often actually "tag" KCFW's social media in apparent confusion of which show they are attending, or which company they should tag, illustrated by the following image posted to Instagram (Cropped only to remove account name):



42. On September 16, 2022, Plaintiff issued a **cease and desist** to Defendant Kansas City Fashion, LLC, demanding that it cease using the confusingly similar trademarks. Plaintiff's cease and desist letter was ignored.

43. Contemporaneously therewith, KANSAS CITY FASHION, LLC and its founder GALLANT began sponsoring at least one other fashion week in the Kansas City area, including *Heartland International Fashion Week*, which displayed the confusingly similar "KC Fashion" logo in its promotional materials. (See **Exhibit "D"** attached hereto.)

44. Defendants also provide use of the violating trademark to "Runway Review, a Christian Michael Experience," allowing Christian Michael (who recently began a competing event to KCFW, "Midwest Men's Fashion Week") to publicize that "KANSAS CITY FASHION" and "KC FASHION" is a sponsor of his Runway Review event, further likely causing consumer confusion. (See **Exhibit "E"** attached hereto.)

45. KANSAS CITY FASHION, LLC and JORDAN GALLANT market their Kansas City Fashion events to the same patrons as Kansas City Fashion Week, on the same social media platforms, soliciting the same models, photographers and designer talent as Kansas City Fashion Week, creating confusion in the marketplace, causing consumers to inquire as to which show is the "real" Kansas City Fashion Week production.

46. These intentionally confusing marketing activities have caused actual consumer confusion and leads consumers to mistakenly associate "KANSAS CITY FASHION" events with "KANSAS CITY FASHION WEEK" events, all to the benefit of KCF and the detriment of KCFW.

47. Strikingly, consumer confusion in the Kansas City marketplace is so complete that on April 20, 2023, local NBC affiliate KSHB-TV broadcast a story promoting the "Kansas City

Draft Fashion Show" produced by "KC FASHION." The story was published on its website as well, explaining that Defendant "*Jordan Gallant is helping with <u>Kansas City Fashion Week</u>, helping plan the draft weekend fashion show*." (See **Exhibit "F"** attached hereto.)

48. The many incidents of actual consumer confusion in the marketplace – only a few of which are included in this Complaint - demonstrate that Defendants' use of "KC FASHION" or "KANSAS CITY FASHION," to perform the *same* type of fashion event services as Plaintiff, in the *same* market, using largely the *same* designers, models, photographers, and volunteers, selling tickets to the *same* patrons, with virtually the *same* name as Plaintiff is a violation of Plaintiff's KCFW Marks.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT
**(Lanham Act § 32, 15 U.S.C. §1114)**

49. KCFW realleges and incorporates by reference each of the allegations in the preceding paragraphs as if fully set forth herein.

50. By engaging in the acts described above, Defendants are using the KCF Marks in connection with goods and services and interstate commerce in ways that are confusingly similar to the KCFW Marks and thus are likely to cause consumer confusion, or to cause mistake, and to deceive.

51. As a direct and proximate result of Defendants' infringement, they have derived unlawful gains, profited, benefited, and been otherwise unjustly enriched in the marketplace at the expense of and injury to Kansas City Fashion Week, LLC.

52. Gallant's and Kansas City Fashion's actions demonstrate an egregious, intentional, willful, and malicious attempt to trade on the goodwill associated with the KCFW Marks.

13

53. Gallant's and Kansas City Fashion, LLC's actions infringe the registered KCFW Marks in violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

54. KCFW is being, and will continue to be, damaged by Gallant and Kansas City Fashion, LLC's infringing actions, which cause a likelihood of confusion and actual confusion among the relevant consuming public as to the true identity, source, sponsorship, or affiliation of goods and services.

55. Because of Defendants infringing activities, KCFW has suffered and will continue to suffer irreparable harm to its business reputation and goodwill, for which KCFW has no remedy at law to alleviate.

56. KCFW is entitled to injunctive relief, an accounting of profits, damages, costs, and attorneys' fees pursuant to 15 U.S.C. §§ 1114, 1116 and 1117, and further enhanced and trebled pursuant to 15 U.S.C. § 1117.

## COUNT II – FEDERAL UNFAIR COMPETITION
**(Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

57. KCFW realleges and incorporates by reference each of the allegations in the preceding paragraphs as if fully set forth herein.

58. Defendants' infringing actions constitute a false designation of origin and/or false description by representing that Defendants' goods and services originate from the established brand built by KCFW, or otherwise suggests that KCFW authorizes, endorses, sponsors, or otherwise approves those goods or services, when in fact KCFW does not. Kansas City Fashions' use of the KCFW Marks is without KCFW's permission or authorization, and Kansas City Fashion is not affiliated with Kansas City Fashion Week or its Marks.

14

Case 4:23-cv-00550-FJG   Document 1   Filed 08/03/23   Page 14 of 19

59. Defendants knew of the falsity of its public representations but nevertheless offers, advertises, and sells its goods and services in competition with Kansas City Fashion Week by using Marks confusingly or deceptively similar to KCFW's Marks, and licensing other competing events to KCFW to do the same.

60. KCFW is being, and will continue to be, damaged by Defendants' false designations and representations because they are resulting in and, unless enjoined, will continue to result in confusion among the purchasing public and the trade as to the true affiliation, connection, association, origin, sponsorship, or approval of goods and services and thereby influence purchasing decisions.

61. Because of Defendants' false designations and representations, KCFW has suffered, and will continue to suffer, irreparable harm to its business reputation and goodwill, which KCFW has no adequate remedy at law to alleviate, and the loss of sales and profits that KCFW would have made but for Defendants' actions.

62. Defendants' actions demonstrate an egregious, intentional, willful, and malicious attempt to trade on the goodwill associated with the KCFW Marks.

63. Defendants' false and deceptive designations and representations violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

64. KCFW is entitled to injunctive relief, an accounting of profits, damages, costs and attorneys' fees.

## COUNT III – TRADEMARK DILUTION
### (MO. REV. STAT. § 417.061)

65. KCFW realleges and incorporates by reference each of the allegations in the preceding paragraphs as if fully set forth herein.

66. The KCFW Marks are valid and subsisting.

67. The KCFW Marks are inherently distinctive or have become distinctive by acquired secondary meaning.

68. Defendants' use of its "KANSAS CITY FASHION" and "KC FASHION" Marks in the marketing of their fashion shows in the Kansas City market has created a likelihood of diluting the distinctive quality of the KCFW Marks.

69. Defendants' actions were committed with knowledge that Defendants' Marks are intended to be used to cause confusion or mistake or to deceive.

70. KCFW is entitled to an injunction against Defendants' continuing dilution of the KCFW Marks. Unless enjoined, Defendants will continue their diluting conduct.

71. On information and belief as to a direct and proximate result of Defendants acts, Defendant has derived unlawful gains, profited, benefited, and been otherwise unjustly enriched in the marketplace at the expense of and injury to KCFW.

## COUNT IV – STATE COMMON LAW TRADEMARK INFINGEMENT

72. KCFW realleges and incorporates by reference each of the allegations in the preceding paragraphs as if fully set forth herein.

73. Defendants' actions constitute common law trademark infringement in violation of the common law of the State of Missouri.

74. As a result of Defendants actions, KCFW has been damaged in an amount not yet determined or ascertainable. But, at a minimum, KCFW is entitled to injunctive relief, and to an accounting of Defendants' profits from its infringing activities.

## COUNT V– UNFAIR COMPETITION

## UNDER MISSOURI COMMON LAW

75. KCFW realleges and incorporates by reference each of the allegations in the preceding paragraphs as if fully set forth herein.

76. The KCFW Marks have acquired secondary meaning or significance that identifies KCFW.

77. As described herein, Defendants have unfairly used the KCFW Marks or simulations of those marks to the prejudice of KCFW's interest.

78. The Natural and probable result of Defendants' acts is deception of consumers, and such acts are calculated to deceive the ordinary buyer making his purchases under the ordinary conditions which prevail in the Kansas City fashion industry and have caused direct consumer confusion in said industry.

79. Defendants' conduct constitutes unfair competition under the common law of Missouri by a deliberate course of conduct, all without authorization, license, privilege or justification.

80. KCFW will suffer, and is suffering, irreparable harm from Defendants unfair competition. KCFW has no remedy at law to alleviate the likely market harms it has suffered, and continues to suffer, as a result of Defendants unfair competition, such as the loss of business reputation, consumers, market position, confusion of potential customers, and goodwill.

81. KCFW is entitled to an injunction against Defendants' continuing unfair competition. Unless enjoined, Defendants will continue their unfairly competitive practices.

## PRAYER FOR RELIEF

WHEREFORE, KANSAS CITY FASHION WEEK, LLC, prays that the Court enter Judgment in its favor and against Kansas City Fashion, LLC and Defendant, Jordan Gallant.

A. An injunction that Defendants, their officers, agents, servants, employees, and attorneys, and all those persons or entities in active concert or participation with an of them who receive actual notice of the injunctive order be enjoined from (1) selling, offering for sale, advertising, promoting, distributing, marketing, or exploiting in any other way the Defendants Marks or any other mark confusingly similar to the KCFW Marks in connection with the planning, promotion, marketing, or sponsoring a fashion show or related goods or services; and (2) committing any other act calculated or likely to cause the public to believe that KCFW and Defendants are in any manner connected, affiliated, or associated with one another or otherwise competing unfairly with KCFW;

B. Pursuant to 15 U.S.C. § 1116(a) that Defendants be directed to file with this Court and served on KCFW within thirty (30) days after entry of final judgment, a report in writing, under oath, setting forth in detail the manner and form by which it has complied with the provisions set forth in the preceding paragraph;

C. That Defendants be ordered to compensate KCFW for the cost of corrective advertising and other corrective measures reasonably calculated to mitigate the confusion caused by Defendants infringing and unfair actions;

D. Pursuant to 15 U.S.C. §1118, that Defendants be directed to account to KCFW for all gains, profits, and advantages derived from Defendants' infringing and unfair actions;

E. Pursuant to 15 U.S.C. § 1117(a), that KCFW recover from Defendants their profits by reason of Defendants' infringing and unfair activities, trebled as allowed by law, together with interest on such amount and the costs of such action;

18

F. Pursuant to common law and 15 U.S.C. §1117(a), that KCFW recover its attorney's fees and costs of this action from Defendants, and for such other and further relief as the Court may deem just, proper and equitable under the circumstances.

**DEMAND FOR JURY TRIAL**

KANSAS CITY FASHION WEEK, LLC, demands a trial by jury on all claims and issues so triable.

**RESPECTFULLY SUBMITTED**,

GUNN, SHANK & STOVER, P.C.

*/s/ PHILIP O. WILLOUGHBY*
Philip O. Willoughby, #44948
12200 NW Ambassador Dr., STE 410
Kansas City, MO 64163
Phone: 816-454-5600 Fax: 816-454-3678
powilloughby@gunnshank.com
ATTORNEYS FOR PLAINTIFF
KANSAS CITY FASHION WEEK, LLC